

FILED

DEC 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REED CHRISTOPHER BOYSEN, | No. 14-35919 |
| Petitioner - Appellant, | D.C. No. 3:14-cv-05501-RJB |
| v. | |
| ROBERT HERZOG, Superintendent, Monroe Correctional Center, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Submitted December 10, 2015**
Seattle, Washington

Before: McKEOWN and TALLMAN, Circuit Judges and LEFKOW,*** Senior
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Joan Humphrey Lefkow, Senior District Judge for the
U.S. District Court for the Northern District of Illinois, sitting by designation.

Reed Boysen appeals the district court's judgment denying his habeas corpus petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

This court reviews a district court's decision to dismiss a petition for writ of habeas corpus under 28 U.S.C. § 2254 de novo. *Gonzalez v. Duncan*, 551 F.3d 875, 879 (9th Cir. 2008). The panel "may affirm the district court's decision on any ground supported by the record, even if it differs from the district court's rationale." *Lambert v. Blodgett*, 393 F.3d 943, 965 (9th Cir. 2004). This court reviews the last reasoned state-court decision, which in this case is the opinion of the Washington Court of Appeals. *Deck v. Jenkins*, 768 F.3d 1015, 1021 (9th Cir. 2014).

The Antiterrorism and Effective Death Penalty Act (AEDPA) allows for habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Because neither the district court nor the State has challenged the finding that the state court violated the Sixth Amendment when it excluded evidence of the precise terms of the cooperating witness's plea agreement, the case turns on whether the trial error

resulted in "actual prejudice" to Boysen. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

When the state court has adjudicated the habeas petitioner's claim on the merits, as it did here, we turn immediately to the *Brecht* standard and forego an analysis under AEDPA. *Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015). This is because the more-stringent *Brecht* standard "obviously subsumes" the AEDPA standard for review of a state-court determination of the harmlessness of a constitutional violation. *Id.* (citing *Fry v. Pliler*, 551 U.S. 112, 119–20 (2007)).

Under *Brecht*, actual prejudice means that the trial error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 627 (quoting *Brecht v. Abrahamson*, 944 F.2d 1363, 1375 (7th Cir. 1991) (internal quotation marks omitted)). In the context of a confrontation clause violation, we assess (1) the importance of the witness's testimony to the prosecution's case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; (4) the extent of cross-examination otherwise permitted; and (5) the overall strength of the prosecution's case. *Merolillo v. Yates*, 663 F.3d 444, 455 (9th Cir. 2011) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986)). Applying these factors, we conclude that the limit on Boysen's cross-examination of Parker was

3

harmless error because it did not have a substantial or injurious effect or influence in determining the jury's verdict.

(1) Even if Parker's testimony was necessary to finding Boysen liable as a principal, other witnesses' testimony and firearm evidence supported the alternative theory that Boysen was an accomplice, which was sufficient to convict. The police found two pistols when they detained Parker and Boysen shortly after the shooting. Parker's revolver could only account for three of the five or more shots heard by various witnesses. Thus, by inference, Boysen's pistol must have been fired. That the prosecutor did not specifically argue accomplice liability during closing argument is neither here nor there since Boysen was charged as both principal and accomplice, the jury was specifically instructed on accomplice liability, and the jury expressly found that Boysen or his accomplice possessed a firearm during the assaults.

(2) Although Parker's testimony was not cumulative, in that Parker was the only person to testify that Boysen fired a pistol at the Palmer vehicle, the absence of cumulative evidence to support the prosecution's argument that Boysen was the principal does not defeat the evidence that he was an accomplice.

(3) Since Boysen had the Beretta pistol on his person when the police officers detained him after the shooting, it can be inferred that Boysen shot his

weapon, making him a principal. In the alternative, Boysen was an accomplice if he gave Parker his pistol to shoot. Since Boysen's Beretta pistol was needed to account for the minimum number of shots heard by the witnesses, both theories are corroborated. Moreover, Boysen's reliance on the absence of ejected shells inside the vehicle fails to account for Parker's testimony that Boysen fired his Beretta pistol outside the window of the moving vehicle, which could also account for the lack of ejected shells inside the vehicle. Lastly, Eldridge's and Palmer's testimony about Boysen's conduct during the incident is not necessarily contradictory of Parker's testimony, as evidence suggests that Palmer and Eldridge simply could not see what Boysen was doing.

(4) Boysen was able to inform the jury that Parker received a "substantial" deal, including the dismissal of charges and firearm enhancements, and that Parker had repeatedly lied to the police. While disclosure of the precise terms of Parker's plea deal may have led the jury to conclude that Parker had received a "great deal" in exchange for his testimony, Boysen's counsel was given ample opportunity to cross-examine Parker on his version of the facts, including his brief testimony that Boysen was the shooter. Given that extensive cross-examination, we cannot conclude that exclusion of the precise terms of the plea agreement substantially influenced the jury's verdict.

(5) Boysen does not dispute that the State's evidence was sufficient to prove him guilty beyond a reasonable doubt under an accomplice theory. Moreover, the jury deliberated for no more than one day after a three-day trial and did not seek any clarification on the issues it was charged with resolving. As such, there is no indication that the prosecution's evidence was weak.

We conclude that, under *Brecht*, the trial court's restriction on Boysen's cross-examination of Parker did not have a substantial and injurious effect or influence in determining the jury's verdict. Therefore, the district court did not err in dismissing Boysen's petition for a writ of habeas corpus.

**AFFIRMED.**